UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DRAGON YACHTS, LLC,**

      **Plaintiff,**

v.                                                                       Case No: 6:25-cv-1089-WWB-DCI

**LONDON MARINE INSURANCE SERVICES LIMITED,**

      **Defendant.**

# ORDER

Plaintiff initiated this action against Defendant for breach of an insurance contract and claims that Defendant violated the Florida Deceptive and Unfair Trade Practices Act. Doc. 1. Pending before the Court is Plaintiff's Amended Motion for Entry of Clerk's Default. Doc. 19 (the Motion). Plaintiff contends that Defendant "is subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. § 1391(b)(3) due to their issuance of a policy of insurance to residents of Florida and pursuant to [Florida Statutes section] 626.906 they are not registered and authorized to do business by the Florida Department of Financial Services." *Id*. at 1 to 2. As such, Plaintiff represents that Defendant was served via the Florida Department of Financial Services/LSOP Online Portal pursuant to section 626.906. *Id*. at 2 (citing Doc. 15, the Return of Service). Plaintiff adds that "[p]er the Notice of Service of Process, a copy of was forwarded by Certified Mail" to Defendant. *Id*. (citing Doc. 18, the July 28, 2025 Notice).

On September 18, 2025, the Court conducted a hearing on the Motion to address the issue of service. Namely, the Court questioned whether Defendant was served in accordance with Florida Statutes section 624.307 and ultimately directed Plaintiff to file a supplement in support

of the Motion to provide further analysis on the service issue. Plaintiff has since filed another Notice of Service of Process (Doc. 23, the July 24, 2025 Notice) and a Memorandum in Support of the Motion. Doc. 24. Plaintiff also submits the declaration of Christopher Yenney, a member of Dragon Yachts, LLC (Yenney). Doc. 24-1.[1]

The Court is still not satisfied that Plaintiff is entitled to Clerk's entry of default. In order to demonstrate sufficient service of process, Plaintiff states two things: (1) "service upon the Defendant through the Online Portal at the designated address conforms with Section 624.307(9), Florida Statutes"; and (2) the Chief Financial Officer of the Florida Department of Financial Services forwarded a copy of service of process on July 24, 2025 to Defendant's last known principal place of business pursuant to section 626.907(1). Doc. 24.

First, with respect to the electronic availability of process documents, the Court is not convinced that Defendant's service complied with Florida law. Section 624.307(9) provides:

> Upon receiving service of legal process issued in any civil action or proceeding in this state against any regulated person or any unauthorized insurer under s. 626.906 or s. 626.937 that is required to appoint the Chief Financial Officer as its agent to receive service of all legal process, the Chief Financial Officer shall make the process available through a secure online portal established by the department to the person last designated by the regulated person or the unauthorized insurer to receive the process. When process documents are made available electronically, the ***Chief Financial Officer shall promptly send a notice of receipt of service of process to the person last designated by the regulated person or unauthorized insurer to receive legal process.*** The notice must state the date the process was made available to the regulated person or unauthorized insurer being served and contain the uniform resource locator (URL) where the process may be obtained.

---

[1] Yenney declares that he captured a screenshot from Defendant's website (attached as Ex. 1) and another screenshot from www.gov.uk (attached as Ex. 2). Exhibit 1 is the screenshot of a document entitled "Complaints Procedure" wherein readers are directed to submit complaints in writing to London Marine Insurance Services Limited at 1 Gracechurch Street, London, EC3V 0DD. Doc. 24-1 at 4. The gov.uk screenshot reflects that London Marine Insurance Services LTD is a "registered business" with the "registered business address" at the same Gracechurch street address. *Id.* at 6.

Fla. Stat. § 624.307(9) (emphasis added).  Here, there is simply nothing before the Court to reflect that the Chief Financial Officer sent notice to "the person last designated" by Defendant.  Both Notices reflect that copies were forwarded by registered and certified mail to Defendant's General Counsel (Docs. 18, 23),[2] but Plaintiff's filings do not address why the General Counsel is the proper recipient of the notice pursuant to section 624.307(9).  *See* Docs. 19, 19-1, 24, 24-1.

To be clear, the July 24, 2025 and July 28, 2025 Notices provide that a copy was forwarded to the "designated agent" which does not establish that the General Counsel was the "person last designated" and Plaintiff does not provide a sufficient discussion of section 624.307(9) to allow the Court to otherwise make that determination.  The Court notes that the July 24, 2025 and July 28, 2025 Notices reflect that Jim Bernardine, Process Server and Partner at Dantez Document Services, was involved in the service or notice of service on behalf of the Chief Financial Officer.  Docs. 18, 23.  There is nothing to show how this server determined that the General Counsel was the "designated agent" or why the Court should construe this representation to mean that a copy was forwarded to Defendant's "last person designated."  *See id*.  The Court raised the question of service under section 624.307(9) at the hearing and Plaintiff still does not adequately support its conclusory statement that service "conforms" with the law.

---

[2] The Return of Service reflects the following:

> Served London Marine Insurance Services, Limited via the LSOP On-Line Portal. . . Additional Information pertaining to this Service: 7/24/2025 1:56 pm Received confirmation, #221488412, that the Summons/Complaint were served to London Marine Insurance Services Limited via Florida Department of Financial Services/LSOP Online Portal, DFS-SOP #25-000188884.

Doc. 15.

Second, while the Court was focused on section 624.307(9) at the hearing as service was attempted through the online portal, Plaintiff also addresses service through section 626.907. Doc. 24. With respect to section 626.907(1), Florida law provides:

> Service of process upon an insurer or person representing or aiding such insurer pursuant to s. 626.906 shall be made by delivering to and leaving with the Chief Financial Officer, his or her assistant or deputy, or another person in charge of the office two copies thereof and the service of process fee as required in s. 624.502. The Chief Financial Officer shall forthwith mail by registered mail, commercial carrier, or any verifiable means one of the copies of such process to the defendant at the defendant's last known principal place of business as provided by the party submitting the documents and shall keep a record of all process so served upon him or her.

Fla. Stat. § 629.907(1). The July 24, 2025 and July 28, 2025 Notices both reflect that copies of the service of process were forwarded by certified mail and registered mail to "1 Gracechurch Street London, England EC3V0DD United Kingdom." Docs. 18, 23. But again, there is nothing before the Court to support Defendant's representation that this address is "Defendant's last known principal place of business." The Court recognizes that the screenshots attached to Yenney's declaration reflect the 1 Gracechurch Street address, but Plaintiff provides no analysis of why that address is a "principal place of business." *See* Doc. 24. Plaintiff must also provide more with respect to the "VAT registration details" for the Court to accept that the "registered business address" equals the "principal place of business." *See* Doc. 24-1.

Since the Court's question regarding service of process remains unanswered, the Motion is due to be denied. *See Westchester Fire Ins. Co. v. M&C Express Transp.*, 2025 WL 1194211, at *1 (M.D. Fla. Apr. 2025) ("[B]efore directing the clerk to enter default under Rule 55(a), the Court must determine whether a plaintiff effected service of process on the defaulting party because, without effecting service, there is no jurisdiction and no obligation ot answer or otherwise defend.") (citations omitted).

Accordingly, it is **ORDERED** that:

1. the Motion (Doc. 19) is **DENIED without prejudice**; and

2. **on or before October 21, 2025**, Plaintiff shall file a second motion for Clerk's entry of default pursuant to Rule 55(a) and show that Plaintiff effected service of process on Defendant. If it remains Plaintiff's contention that Defendant was properly served through the Chief Financial Officer of the Florida Department of Financial Services, then Plaintiff must demonstrate that: (1) the Chief Financial Officer sent the notice to "the person last designated" in compliance with section 624.307(9); and (2) the Chief Financial Officer mailed copies of process to Defendant's "last known principal place of business" in compliance with section 629.907(1).

**The failure to comply with this Order may result in the dismissal of this case without further notice.**

Ordered in Orlando, Florida on October 7, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE